LAGOMARSINO LAW
ANDRE M. LAGOMARSINO, ESQ.
Nevada State Bar No. 6711
3005 West Horizon Ridge Parkway, Suite 241
Henderson, Nevada 89052
Phone: (702) 383-2864
Fax: (702) 383-0065
aml@lagomarsinolaw.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IVAN BYARD, a minor, by and through his natural parents, Misty McGannon and Brian Byard,<br><br>Plaintiff,<br><br>v.<br><br>NYE COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada; SARAH HOPKINS, individually; HOLLY LEPISTO, individually;<br><br>Defendants. | CASE NO: 2:15-cv-01785-RCJ-CWH<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S PETITION FOR MINOR'S COMPROMISE, PAYMENT OF ATTORNEY FEES AND COSTS, FOR THE CREATION OF THE IVAN BYARD SPECIAL NEEDS TRUST** |

This matter is now before the Court upon the Plaintiff's Petition for Minor's Compromise, Payment of Attorney Fees and Costs, For the Creation of the Ivan Byard Special Needs Trust by Plaintiff Ivan Byard (Doc. #10).

The Defendants filed their Limited Opposition to Plaintiff's Petition for Minor's Compromise, Payment of Attorney Fees and Costs, and for the Creation of the Ivan Byard Special Needs Trust. (Doc. #11). The Defendants noted an apparent typographical error in which appeared to have wrongly designated the minor-aged Plaintiff as the Trustee. *Id.*

The Plaintiff corrected the error by filing an *Errata*. (Doc. #12). The parents are correctly named as co-Trustees of the special needs trust.

In a Minute Order filed on January 13, 2016, the Honorable Magistrate Judge Carl W. Hoffman ORDERED that either dismissal documents or a joint status report should be filed by February 15, 2016.

Therefore, the Court having fully considered the matter and being fully familiar with the pleadings and papers on file herein, the Court finds as follows:

1. That MISTY MCGANNON AND BRIAN BYARD are IVAN'S parents and are legally permitted to bring this Petition on IVAN'S behalf pursuant to NRS § 12.080.

2. Plaintiff, IVAN BYARD ("IVAN") is a minor child who suffers from various mental disabilities.

3. As a result of the terms of the Settlement Agreement, IVAN BYARD is about to receive funds that exceed the resource limits for the means-tested government programs he now qualifies for, however IVAN BYARD is disabled as defined in section 1614(a)(3) of the Social Security Act and therefore the Agreement proceeds may be directed to a Special Needs Trust for the sole benefit of IVAN BYARD pursuant to Title 42 of the U.S.C. §1396p(d)(4)(A), as amended on August 10,1993, by the Omnibus reconciliation Act.

4. Federal courts have held that it is appropriate to apply the rules prescribed by state law in determining the fairness of a minor's compromise and the reasonableness of any attorneys' fees allocated from that settlement in both federal question and diversity cases.[1] For example, see *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938), and *Stecyk v. Bell Helicopter Textron. Inc.*, 53 F. Supp.2d 794, 801 (E.D. Pa. 1999).

---

[1] Local district courts are authorized to adopt rules of procedure. See 28 U.S.C. § 2071. The local rules, however, must be consistent with the national rules. See Fed. R. Civ. P. 83(a) ("A local rule shall be consistent with--but not duplicative of -- Acts of Congress and [the national] rules ...."). Once adopted, the local rule has the force of law. See *Tarkett. Inc. v. Congoleum Corp.*, 144 F.R.D. 282, 284 (E.D. Pa. 1992) (citing *Baylson v. Disciplinary Bd. Of the Supreme Court of Pa.*, 764 F. Supp. 328, 348 (E.D. Pa. 1991), aff'd, 975 F.2d 102 (3d Cir. 1992)).

5.  In approving the Settlement, the court must also assess the reasonableness of the requested counsel fees. In doing so, the court must "strike a balance between being a 'passive *pro forma* rubber stamp' ... and being too intrusive in its consideration of the fairness of counsel fees."[2]

**NOW THEREFORE,**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Court grants the Plaintiff the authority to compromise the claims of the minor, IVAN BYARD, and accept the proposed Settlement in accordance with Nevada Revised Statute §41.200, and create the IVAN BYARD Special Needs Trust pursuant to Title 42 of the U.S.C. § 1396p( d)( 4)(A) (in lieu of a blocked account).

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the settlement amount of $125,000.00 is hereby approved. This amount shall be disbursed as set forth below.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** MISTY MCGANNON AND BRIAN BYARD, are ready, willing and able to act as Co-Trustees of the IVAN BYARD SPECIAL NEEDS TRUST.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the IVAN BYARD SPECIAL NEEDS TRUST is hereby confirmed by this Order of the Court, with said Order to be incorporated and made a part of the Trust.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** the remaining proceeds of the Settlement Agreement are awarded first towards adjudicated attorney fees, costs, and relevant legal expenses necessary to prevent the termination of IVAN BYARD'S government benefits due to excess resources.

. . . .

. . . .

. . . .

---

[2] *Stecyk,* 53 F. Supp.2d at 800-01 (quoting *Gilmore v. Dondero,* 582 A.2d 1106, 1109 (Pa. Super. Ct. 1990)).

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that proper notice was given to all parties in this matter; and that the binding settlement is hereby confirmed by the Court as the final settlement of the matter between IVAN BYARD, in this case: *IVAN BYARD, a minor, by and through his parents, MISTY MCGANNON and BRIAN BYARD, Plaintiff, vs. NYE COUNTY SCHOOL DISTRICT, apolitical subdivision of the State of Nevada; SARAH HOPKINS, individually, HOLLY LEPISTO individually; Defendants; Case No. 2:15-cv-01785-RCJ-CWH.*

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Court confirms MISTY MCGANNON AND BRIAN BYARD, as Co-Trustees of the IVAN BYARD SPECIAL NEEDS TRUST by this Court Order.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the proceeds of the agreement shall be made payable as follows: $82,280.17 to the IVAN BYARD SPECIAL NEEDS TRUST; $41,662.50 as attorneys' fees to Lagomarsino Law and $1,057.33 as costs to Lagomarsino Law.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that all settlement money shall be paid as set forth above within 30 calendar days from the date of this Order.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Co-Trustees, MISTY MCGANNON AND BRIAN BYARD, are hereby directed and authorized to deposit the amounts received by it (namely $82,280.17) into a Trust account for the sole benefit of IVAN BYARD in the name of the IVAN BYARD SPECIAL NEEDS TRUST.

. . . .

. . . .

. . . .

. . . .

. . . .

IT IS FURTHER ORDERED AND DECREED that the Co-Trustees MISTY MCGANNON AND BRIAN BYARD, as the Trustees, are hereby authorized to do and perform all acts and to execute and deliver all papers, documents and instruments necessary to consummate the proposed transactions.

DATED: This 10th day of March, 2016.

_____
U.S. DISTRICT COURT JUDGE

Respectfully submitted by:

**LAGOMARSINO LAW**

_____
ANDRE M. LAGOMARSINO, ESQ.
Nevada State Bar No. 6711
3005 West Horizon Ridge Parkway, Suite 241
Henderson, Nevada 89123
aml@lagomarsinolaw.com
*Attorney for Plaintiff*